OPINION OF THE COURT
Maurice E. Strobridge, J.
The defendant has appealed, for a second time, a verdict of the Justice Court of the Town of Arcadia rendered under *854 UJCA article 18, which granted a judgment to the plaintiff in the amount of $1,923 (see, 156 Misc 2d 845).
The facts are similar to those set forth in the court’s decision dated January 24, 1992 which reversed the verdict of the lower court and remanded the matter for a new hearing. The hearing was held, at which the defendant was allowed to defend a new theory, resulting in the same determination.
The issue now presented is whether the Justice properly found that the defendant had violated Vehicle and Traffic Law § 417, which provides, inter alia, that the dealer, when delivering a used motor vehicle to a purchaser, must certify in writing that the vehicle "is in condition and repair to render, under normal use, satisfactory and adequate service upon the public highway at the time of delivery.” This notice requirement is amplified in 15 NYCRR 78.13 (b), which states that the statement must be printed on the "face of the dealer’s standard bill of sale.”
After discussing several court decisions concerning the meaning of "on the face” of a document, the Justice concluded that the defendant had not complied with section 417 since the required notice was on the reverse of the bill of sale. Coupled with this was the Justice’s noting that there was testimony that there was a discrepancy in the dates on the copy of the bill of sale the plaintiff received, and the date on the apparent original bill of sale that the defendant retained. The plaintiff also testified that he received a copy of only the front side of the bill of sale, which was not disputed by the defendant.
The plaintiff was awarded a judgment for the amount allowed for the vehicle traded in by the plaintiff ($1,350), for five monthly installment payments he made on the car loan ($498), and for certain repair costs ($75).
The total amount awarded seems unjustified when the plaintiff’s continued use of the automobile for several months and approximately 3,000 miles after his discovery of the alleged defects is considered. Based on the credible evidence, the plaintiff is entitled to a judgment, however the court finds that the amount awarded does not do substantial justice as between the parties (UJCA 1807.) The defendant should re *855 ceive some credit for the plaintiffs use of the automobile after discovery of the defect.
Accordingly, the matter is remanded to the Justice Court for a further hearing to reconsider the amount of the judgment.